**Timothy John FENNER, Plaintiff,**

**v.**

**John SUTHERS, Executive Director Colorado Department of Corrections, Dennis Kleinsasser, the Director of Correctional Programs, C. Batson, Nurse Practitioner Fremont Medical Department, Defendants.**

**No. CIV.A.00–N–1579.**

United States District Court, D. Colorado.

April 2, 2002.

Timothy John Fenner, Canon City, CO, pro se.

Dennis W. Hartley, Dennis W. Hartley, P.C., Colorado Springs, CO, for plaintiff.

Tara Kim Weinman, Halls & Evans, Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

NOTTINGHAM, District Judge.

Plaintiff, a state prisoner in the custody of the Colorado Department of Corrections (DOC), brings this *pro se* civil rights case pursuant to 42 U.S.C. § 1983. Plaintiff suffers from a liver disease called hepatitis C. His primary contention is that DOC's policies, procedures, and protocols for treating the disease exhibit deliberate indifference to his serious medical needs and thus amount to cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

Defendants, DOC officials who are apparently sued in both their individual and official capacities, have moved to dismiss the case. Defendants all claim that they are entitled to qualified immunity because (1) they have not violated plaintiff's constitutional right to be free of cruel and unusual punishment and (2) any such right, if the court finds it to exist, has not heretofore been clearly established. Pursuant to an order of reference, the assigned United States magistrate judge has issued a recommendation for resolution of the motion. *See generally* 28 U.S.C. § 636(b)(1)(B). Since both parties have presented factual materials outside the pleadings in arguing their respective positions, the first aspect

of the magistrate judge's recommendation is that the motion be treated as one for summary judgment. Neither party has objected to this procedure, and the court will therefore treat the motion to dismiss as a motion for summary judgment.

On the merits, the magistrate judge suggests that plaintiff has failed to present a genuine factual issue concerning the question of whether DOC's policies, procedures, and protocols, on their face, are so defective and deliberately indifferent to plaintiff's ailment as to establish a constitutional violation. The magistrate judge thus recommends entry of summary judgment in favor of Defendants John Suthers and Dennis Kleinsasser, the DOC officials responsible for establishing those policies and protocols. The magistrate judge, however, recommends denial of Defendant C. Batson's motion for summary judgment, reasoning that (1) Batson, a DOC nurse practitioner, could be found to have been deliberately indifferent to plaintiff's disease by refusing treatment even though plaintiff had complied with all procedures and conditions precedent to receiving treatment under DOC policies and (2) the prohibition against deliberate indifference to a prisoner's serious medical needs was clearly established, even though (as the magistrate judge conceded) there appears to be no specific case holding that a prisoner has a right to the course of treatment for hepatitis C used and applied by DOC.

Both parties have objected to the magistrate judge's recommendation. I have conducted the requisite *de novo* review of the issues, the record, and the recommendation. Based on this review, I have concluded that the magistrate judge, at the urging of defendants, has adopted a fundamentally flawed procedure to determine what facts are undisputed. I must therefore reject the bulk of the recommendation and allow the case to advance in the procedural circumstances presented here.

Defendants' position is that plaintiff cannot establish their deliberate indifference to his serious medical needs because the undisputed facts demonstrate their adoption of appropriate policies, procedures, and protocols for treating hepatitis C. The factual underpinning for this position, with the exception of a single article in a journal called *Preventive Medicine*, consists exclusively of material on Internet web sites which appear to have some connection to the National Institute of Health. Defendants argue that the court may take judicial notice of this material under rule 201 of the Federal Rules of Evidence. The magistrate judge's recommendation implicitly accepts this argument. Both defendants and the magistrate judge visited the web sites on different dates, and neither has printed, attached, or otherwise captured the material in question. I believe defendants' argument to be untenable.

■ As defendants correctly point out, the court should take judicial notice of any fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). However, defendants ignore the next part of rule 201: "A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." Fed.R.Evid. 201(e). These provisions of rule 201 poses three obstacles to the magistrate judge's recommendation. First, merely citing to a web site and inviting others to visit the site does not satisfy the rule's requirement that the fact be "capable of accurate and ready determination"—at least where the *pro se* prisoner is denied any access to the web site, much less "ready" access. Putting to one side the problem of access, I doubt that a web site can be said to provide an "accurate" reference, at least in

normal circumstances where the information can be modified at will by the web master and, perhaps, others. There is, in other words, the question of whether the defendants, the magistrate judge, the district judge, and any reviewing court are literally on the same page when they visit the site on different dates.

The second obstacle posed by rule 201 is the one reflected in section (e), quoted above. Plaintiff plausibly objects that he cannot review or take any position on defendants' factual submissions, because he does not have access to the Internet. He has effectively been denied his right, under the rule, to be heard concerning the propriety or tenor of judicial notice.

The third and final obstacle to judicial notice here is that the court has substantial doubt, on this record, that the information constitutes admissible evidence. Although the court has certainly heard of the National Institute of Health, I am unsure what it is, what it does, and what connection, if any, it has to the federal government. Further defendants and the magistrate judge have wholly omitted to explain whether NIH sponsors, endorses, collects, or simply provides the information on the web sites. Finally, most of the information cited is expert opinion and/or hearsay, and it is simply not clear whether there is any foundation for its admission. Because of these evidentiary defects, defendants have wholly failed to establish that the facts are clear and undisputed or that they are entitled to judgment on the claim that they have been deliberately indifferent to plaintiff's serious medical needs.

■ Defendants argue that the case must still be dismissed, because they are entitled to qualified immunity for another reason: there is simply no clearly established constitutional right to treatment for hepatitis C. Initially, I note that plaintiff's complaint here seeks injunctive relief and is thus readily construed as a suit against defendants in their official capacities. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (court must construe *pro se* pleadings liberally). An "official capacity" lawsuit for injunctive and declaratory relief, in effect, is one against the state seeking to review the state's compliance with the United States Constitution. *See Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Thus, even if defendants, in their individual capacities, were entitled to qualified immunity, that would not justify dismissal of the entire lawsuit.

■ The question remains whether the damages claims against defendants, individually, should be dismissed on the ground that the law was not clearly established and that they are thus immune from suit. While the question is not altogether free from doubt, I find that defendants' failure to muster reliable facts concerning whether they have been deliberately indifferent to plaintiff's serious medical needs infects, as well, their claim that there was no clearly established right here. The facts concerning defendants' policies and procedures for treating hepatitis C are simply not clear. It could be, for example, that there is a single course of treatment for hepatitis C, that plaintiff manifestly met all conditions precedent for that treatment, and that defendants nonetheless refused the treatment. Defendants have not negated such a scenario. Were it true, a fact finder could readily infer that defendants were, or should have been, aware that they were encroaching on a clearly-established constitutional right. On the other hand, it may be that the proper course of treatment is (as defendants appear to contend) experimental and/or that defendants could reasonably regard plaintiff as having failed to meet the conditions for the treatment. A fact finder could infer in such circumstances that, although

defendants might be aware of plaintiff's eighth amendment rights in the abstract, they could not be reasonably regarded as realizing that they were interfering with those rights. In any event, defendants have failed to demonstrate that their right to qualified immunity is sufficiently clear at this point to warrant summary judgment in their favor.

Accordingly, upon the foregoing findings and conclusions, it is

ORDERED as follows:

1. The recommendation is REJECTED insofar as it suggests granting of any part of the motion to dismiss.

2. The motion to dismiss (# 13) is DENIED.

3. The clerk shall forthwith attempt to secure counsel for plaintiff and, until counsel enters an appearance, orally report to the court every thirty days (commencing May 1, 2002) concerning the status of his efforts.

4. The previous order of reference in this case is hereby vacated. The parties and court will hereafter proceed in accordance with the General Case Management Order And Order of Reference to United States Magistrate Judge entered contemporaneously with this order.